# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

**CHRISTINE G.,**[1]

        Plaintiff,

      v.

**COMMISSIONER OF SOCIAL
SECURITY,**

        Defendant.

Civ. No. 3:18-cv-01899-CL

**OPINION & ORDER**

CLARKE, Magistrate Judge:

    Plaintiff Christine G. seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying benefits. All parties have consented to magistrate judge jurisdiction in this case. ECF No. 4. The decision of the Commissioner is REVERSED and REMANDED for immediate calculation and award of benefits.

## BACKGROUND

    Plaintiff filed an application for disability and disability insurance benefits on September 3, 2015, alleging disability beginning July 31, 2014. Tr. 72, 78. At Plaintiff's request, a hearing was held before an Administrative Law Judge ("ALJ") on October 4, 2017. Tr. 72. On November 24, 2017, the ALJ issued a decision finding Plaintiff disabled since July 31, 2014. Tr. 78.

---

[1] In the interest of privacy, this opinion uses only first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

On January 19, 2018, the Appeals Council ("AC") sent a notice of its review of the ALJ's decision. Tr. 4. On September 5, 2018, the AC reversed the ALJ and issued a decision finding Plaintiff not disabled. Tr. 10. This action followed.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r*, 648 F.3d 721, 724 (9th Cir. 2011).

> The five-steps are: (1) Is the claimant presently working in a substantially gainful activity? (2) Is the claimant's impairment severe? (3) Does the impairment meet or equal one of a list of specific impairments described in the regulations? (4) Is the claimant able to perform any work that he or she has done in the past? and (5) Are there significant numbers of jobs in the national economy that the claimant can perform?

*Id.* at 724-25; *see also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Bustamante*, 262 F.3d at 953. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54.

## THE ALJ'S FINDINGS

The ALJ found Plaintiff disabled as of her onset date based on functional limitations caused by severe impairments of degenerative disc disease of the lumbar spine status-post fusion, type 1 diabetes with diabetic neuropathy, and obesity. Tr. 4. The ALJ found that Plaintiff could lift 10 pounds frequently, sit for six hours in an eight-hour workday, and stand/walk for six hours in an eight-hour workday; that she would need to alternate positions every 20 minutes with no effect on her productivity; that she could only reach, handle, and finger occasionally; that she would be off-task 20 percent of the workday and she would miss two or more days of work per month. Tr. 4.

The AC found that the ALJ's RFC assessment "does not comply with our rules and is not supported by the evidence." Tr. 4. On review the AC, found that Plaintiff had not engaged in substantial gainful employment from July 31, 2014, through her date last insured. Tr. 8. The AC found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine status/post fusion; type 1 diabetes; and obesity. *Id.* The AC found that Plaintiff's impairments did not meet or medically equal a listed impairment. *Id.*

The AC found that Plaintiff had the RFC to perform sedentary work with the following additional limitations: she could lift and carry ten pounds occasionally and ten pounds frequently; she could sit for "about 6 hours" in an eight-hour workday; she could stand and walk for "about 6 hours" in an eight-hour workday; she would need to alternate positions every twenty minutes but "this change in position would be brief and would not affect productivity"; and she could bend and stoop occasionally. Tr. 8.

The AC found that Plaintiff could not perform her past relevant work. Tr. 8. The AC found that Plaintiff could perform work as a document clerk and a credit card clerk. Tr. 9. As such the AC found that Plaintiff was not disabled. Tr. 10.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and internal quotation marks omitted). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).

When the evidence before the ALJ is subject to more than one rational interpretation, courts must defer to the ALJ's conclusion. *Batson*, 359 F.3d at 1198 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995)). A reviewing court, however, cannot affirm the Commissioner's decision on a ground that the agency did not invoke in making its decision. *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006). Finally, a court may not reverse an ALJ's decision on account of an error that is harmless. *Id.* at 1055–56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## DISCUSSION

Plaintiff contends that the AC erred by (1) discounting her subjective symptom testimony and (2) failing to account for any mental health limitations in Plaintiff's RFC.

### I.    Subjective Symptom Testimony

Plaintiff asserts that the AC erred by rejecting her subjective symptom testimony. To determine whether a claimant's testimony is credible, an ALJ must perform a two-stage analysis.

20 C.F.R. § 416.929. The first stage is a threshold test in which the claimant must produce objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012). At the second stage of the credibility analysis, absent evidence of malingering, the ALJ must provide clear and convincing reasons for discrediting the claimant's testimony regarding the severity of symptoms. *Carmickle v. Comm'r*, 533 F.3d 1155, 1160 (9th Cir. 2008).

The ALJ must make findings that are sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (internal quotation marks and citation omitted). An ALJ may use "ordinary techniques of credibility evaluation" in assessing a claimant's credibility, such as prior inconsistent statements concerning the symptoms, testimony that appears less than candid, unexplained failure to seek treatment or follow a prescribed course of treatment, or a claimant's daily activities. *Id.*

During the hearing, Plaintiff testified that, since her surgery, she has experienced burning pain in her left leg and severe pain from her lower back to her hip and down to her Achilles tendon. Tr. 22. Plaintiff testified that she can only relieve her pain by lying down and that doing so reduces her pain to a two or three out of ten. Tr. 23. Plaintiff testified that she gets some relief from her medications, which allows her to sit "a little bit longer," but that Robaxin causes drowsiness. *Id.* Plaintiff also uses heat on her back and ice on her Achilles tendon, but does not know if it is helping "because it burns quite badly." *Id.* Plaintiff testified that her pain was so severe and her quality of life so low that she hoped for relief from surgery. Tr. 24. Plaintiff testified that she could sit for between ten and twenty minutes before needed to stand and that she would need to stand for

up to ten minutes before sitting back down. Tr. 27. Plaintiff estimated that she could walk for "maybe two blocks" and that she could stand in one position for between two and four minutes. Tr. 28. Plaintiff testified that Robaxin and muscle relaxants have improved her ability to sleep through the night. Tr. 29. At the hearing, Plaintiff testified that she had begun experiencing burning in her right Achilles tendon and was ambulating with a cane. Tr. 30. The cane was not prescribed, but Plaintiff has discussed it with her physician before beginning to use it and the cane made her feel more stable when walking. *Id.*

Plaintiff also testified that he experienced neuropathy in her hands, sometimes as numbness and sometimes as painful "pins and needles." Tr. 24. Plaintiff testified that this sensation was worse if she tried to do fine manipulation or hold a pen. Tr. 24-25. Plaintiff testified that she cannot gauge her grip strength and frequently drops things. Tr. 25.

Plaintiff also testified that she has some trouble maintaining her blood sugar and that, when her blood sugar levels are high, she experiences blurry vision and feels nauseous and thirsty. Tr. 25-26.

In terms of mental impairments, Plaintiff testified that she is receiving treatment for anxiety and depression. Tr. 26. Plaintiff reported that the combination of pain and depression made it difficult for her to concentrate or learn new things. *Id.*

In terms of activities of daily living, Plaintiff testified that her daughter, mother, and husband did much of the household chores. Tr. 28. Plaintiff testified that she can no longer vacuum, pull out laundry, empty the dishwasher, or do other tasks that involve bending and twisting. *Id.* Plaintiff's mother sends Plaintiff's daughter to school in the morning. *Id.* Plaintiff is able to shop with the assistance of her husband, by leaning on the cart and moving slowly. Tr. 29. Plaintiff testified that she could not do a full grocery shopping trip because of her pain. Tr.

30. During shopping trips, Plaintiff testified that her husband and daughter pick things up and "I pretty much lean on the shopping cart." *Id.* Plaintiff estimated that she lays down for eight hours per day. Tr. 28. Plaintiff reported that "essential daily hygiene" had become a struggle for her. Tr. 32. Plaintiff testified that she was able to use a phone with presets and could type on a keyboard "a little bit." *Id.*

At the close of Plaintiff's testimony, the ALJ thanked Plaintiff, saying "[Y]ou explained things really well, and you're entirely creditable. I think you're a very creditable person, so I appreciate talking to you." Tr. 33; *see also* Tr. 38 ("Well, [Plaintiff], as I said I find you totally creditable. I think it's consistent with all the medical evidence, and I'd be hard-pressed to find anything in your medical record or in your testimony that isn't supported by the medical evidence, so I'm certainly going to issue a favorable decision."). In his written decision, the ALJ again credited Plaintiff's testimony:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms. The claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are reasonably consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

Tr. 76; *see also* Tr. 77 (finding Plaintiff's testimony "persuasive and candid.").

In its decision reversing the ALJ, the AC found that "the clamant had medically determinable impairments that could reasonably be expected to cause some of her alleged symptoms, but the claimant's statements concerning the intensity, persistence and limiting effects of her symptoms are not fully supported and consistent with the medical and other evidence in the record." Tr. 8.

Although the AC discusses the medical evidence generally, Tr. 5-7, the AC does not provide any further discussion of Plaintiff's subjective symptom testimony in its decision, nor does

it identify what testimony is not credible and what evidence undermines it. Absent evidence of malingering, the ALJ or AC must provide "specific, clear and convincing reasons" for discounting a plaintiff's subjective symptom testimony and, as the Ninth Circuit has held, general findings are insufficient. *Ghanim*, 763 F.3d at 1163 (internal quotation marks and citation omitted). Nor can a recitation of the medical evidence, as supplied by the AC in this case, suffice in place of specific clear and convincing reasons:

> We hold that an ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination. To ensure that our review of the ALJ's credibility determination is meaningful, and that the claimant's testimony is not rejected arbitrarily, we require the ALJ *to specify which testimony she finds not credible, and then provide clear and convincing reason, supported by evidence in the record, to support that credibility determination.*

*Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015) (emphasis added).

The AC failed to meet this standard in discounting Plaintiff's subjective symptom testimony. As the ALJ found Plaintiff to be disabled after crediting her testimony and specifically pointed to Plaintiff's testimony in reaching that determination, the Court concludes that the error was harmful. As discussed below, properly crediting this testimony necessitates a finding that Plaintiff is disabled. "Accordingly, this court need not, and does not discuss the other assignments of error related to the ALJ's RFC findings." *Needham v. Comm'r*, 3:16-cv-01380-YY, 2017 WL 4052184, at *12 (D. Or. Aug. 8, 2017).

**II.    Remedy**

The decision whether to remand for further proceedings or for the immediate payment of benefits lies within the discretion of the court. *Triechler v. Comm'r*, 775 F.3d 1090, 1101-02 (9th Cir. 2014). A remand for award of benefits is generally appropriate when: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed,

there are no outstanding issues that must be resolved, and further administrative proceedings would not be useful; and (3) after crediting the relevant evidence, "the record, taken as a whole, leaves not the slightest uncertainty" concerning disability. *Id.* at 1100-01 (internal quotation marks and citations omitted).

In this case, the AC erred by failing to properly consider Plaintiff's subjective symptom testimony. The record in this case is fully developed and no useful purpose would be served by remanding for further proceedings. In this case, the ALJ asked the vocational expert ("VE") a series of hypothetical questions incorporating limitations derived from Plaintiff's testimony concerning her ability to reach, handle, and finger, and to sit and stand, her need to lay down, being off-task, and missing days of work. Tr. 35-37. The VE testified that those limitations would be inconsistent with sustained competitive work. *Id.* As the ALJ noted, crediting Plaintiff's testimony compelled a finding of disability. Tr. 38. Crediting Plaintiff's testimony, and considering the record as a whole, the Court concludes that there is no serious reason to doubt that Plaintiff is disabled. Remand shall therefore be for award of benefits.

## CONCLUSION

Pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner is REVERSED and REMANDED for award of benefits. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this ___19___ day of January 2021.

_____
MARK CLARKE
United States Magistrate Judge